IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Levora Acque,

        Plaintiff,

vs.

Alex Azar, Secretary Of The U.S. Department Of Health And Human Services,

        Defendant.

## COMPLAINT FOR VIOLATIONS OF TITLE VII

Plaintiff alleges:

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, et seq. This Court is vested with jurisdiction pursuant to 42 USC § 2000e-5(f)(5).

2. Plaintiff was employed as a Supervisory Inventory Management Specialist at Gallup Regional Supply Service Center, which is run by Defendant.

3. These claims were first presented to the EEOC. The EEOC dismissed the claims, and Plaintiff's administrative remedies have been exhausted.

### First Claim For Relief

### Discrimination Based Upon Disparate Treatment

4. Plaintiff realleges every allegation of the complaint.

5. Plaintiff is a member of a protected class. She is a member of the Zuni Pueblo. As such, she is a member of a recognized tribe of American Indians.

6. Plaintiff was subjected to an adverse employment action. She was reprimanded

on August 3, 2017.

7. There was a nexus between Plaintiff's membership in the protected group and the adverse employment and/or is there other evidence that raises an inference of discriminatory bias. Plaintiff was the only Zuni working at the Gallup Regional Supply Center. The other employees, who were Navajo, did not receive the same treatment, were Navajo.

8. On August 3, 2017, Plaintiff was reprimanded for contacting a supervisor after Ms. Sheila Silva, Director, Gallup Regional Supply Service Center yelled at her during a consultation.

9. The reprimand was motivated by discriminatory intent based on the fact that Plaintiff was Zuni and did not fairly represent Plaintiff's conduct.

10. Plaintiff was damaged by the discrimination described in this complaint. Her damages included emotional harm damages and attorneys' fees. She demands recovery of her damages.

## Second Claim For Relief

## Hostile Work Environment

11. Plaintiff realleges every allegation of the complaint.

12. From April 2017 to present, Plaintiff was subjected to a hostile work environment based on her race and national origin.

13. On April 11, 2017, Plaintiff was accused of micromanaging the staff after she sent a report to Ms. Silva on complaints, she received from three employees on

their inappropriate behavior.

14. On April 13, 2017, Plaintiff was notified that all questions regarding purchase orders will go through Ms. Silva. Plaintiff contends Ms. Silva shared her concerns about the work habits of the staff to the Purchasing Agent and that Ms. Silva tends to have the staff fight against one another other instead of working together.

15. From April 2017 to May 2017, Plaintiff was notified by Ms. Silva to go through her via email and she will take care of all matters. Plaintiff states this is related to the April 13, 2017 incident although Ms. Silva denies cutting off any communication to the purchasing department. On March 6, 2016, Ms. Silva emailed Plaintiff and told her not to go into the warehouse but to go through the warehouse supervisor for any questions or concerns. Plaintiff contends this is not good practice for a supervisor not to be able to view the products for any changes or upgrades.

16. On April 25, 2017, Ms. Silva stated during a staff meeting, "You guys are not under Gallup, Shiprock or the Area office. If anyone is going to be terminated. who do you think will do that? Navajo Area will. I won't be the one to go because I am a GS-15 Director. I come here to check on my warehouse on Saturday evenings when you guys are out having fun, and on Sunday afternoons when you are out playing. I always make sure my warehouse is locked and safe. That's why I make big bucks." Ms. Silva continued as she

looked around at all of the staff and said, "I know you guys want me dead, I'm not going anywhere, you guys can witch me all you want, it is not going to work! I am a veteran." Plaintiff states Ms. Silva was pulling at her shirt while she was talking and a Supply Technician asked, "What are you talking about"' What are you saying?' The staff stood around with their heads down. Plaintiff states Ms. Silva's behavior, creating a hostile work environment and accusing employees of witchcraft when some employees have strong cultural beliefs is inappropriate as a Director of an organization.

17. On May 23, 2017, Plaintiff received a Letter of Expectations from Ms. Silva. Plaintiff states Ms. Silva said she did not want to talk about the Letter of Expectations and that Plaintiff should read, sign it and leave. Plaintiff asked a coworker to come into the office as her witness and Ms. Silva continue to refuse to talk to Plaintiff.

18. On June 7, 2017, during a staff meeting, Ms. Silva stated no supervisors are allowed to talk to any department staff.

19. Plaintiff contends this comment was directed at her although two male Navajo supervisors are not limited to work with other staff. Plaintiff states she is being singled out against because she is the only female Zuni employee and the other female employees are Navajo.

20. On June 20, 2017, Plaintiff's request to change the descriptions on the item files for the Foley catheters was denied.

21. Plaintiff provided a justification for the change and file management is one of the elements in her 2017 Performance Evaluation and being denied can cause her not to fulfill that element.

22. On June 22, 2017, Ms. Silva denied Plaintiff's request to go to Shiprock, NM;

23. On June 23, 2017, Ms. Silva denied Plaintiff's comp time.

24. On June 27, 2017, when Plaintiff arrived to work, she noticed a wall built between her department and the purchasing department. The purpose of the wall was to keep Plaintiff's department from bothering the purchasing agents so they can do their work as they complained about her and another employee asking for purchase orders. Ms. Silva told Plaintiff specifically to stay away from purchasing as she was interrupting their workload by asking for her orders.

25. On July 11, 2017, Plaintiff's overtime request to work at the Gallup Indian Medical Center was denied by Ms. Silva.

26. Plaintiff had to serve as a Project Officer at GIMC as one of the elements on her 2017 Performance Evaluation, but she was unable to fulfill this objective.

27. On July 13, 2017, Ms. Silva denied Plaintiff's request to work at GIMC on the weekend. Ms. Silva approves comp time for the Purchasing agent to work evenings and weekends.

28. On July 19, 2017, Plaintiff requested leave for three hours and informed Ms. Silva that the leave request was work related. Ms. Silva emailed Plaintiff and

stated to tell her each time Plaintiff leaves the building, who she meets with and the time.

29. On August 15, 2017. Plaintiff requested a meeting with her second line supervisor, Ms. Dee Huchison. Ms. Huchison told Plaintiff to work things out with Ms. Silva as she is your supervisor.

30. Plaintiff was not given the opportunity to speak when she met with Ms. Silva, and Ms. Silva put her hand in the Plaintiff's face and said, "STOP!".

31. Plaintiff was damaged by the discrimination described in this complaint. Her damages included emotional harm damages and attorneys' fees. She demands recovery of her damages.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A.     Damages in an amount to be determined by the Court;

B.     Court costs and attorneys' fees; and

C.     Such other relief as the Court deems just and proper.

DATED this 13th day of May, 2020.

*The Law Offices of David R. Jordan, P.C.*

*/s/ David R. Jordan*
David R. Jordan
1995 State Road 602
PO Box 840
Gallup, New Mexico 87305
djlaw919@gmail.com
Attorney for Plaintiff